Daniel, .1.
 

 The deed, executed in the year 1730, by William Borden, Sen. enured as a covenant to stand seised of the land, to the use of his son William Borden for life, remainder to ail the sons of William Borden in foe. If the. lessor of the plaintiff was born at the dale of the deed, his remainder was vested. If he was not then born., the ulteidor
 
 use
 
 was contingent, and became vested in him, immediately he was bom. For. the fee, remaining in the covenantor, William Borden, Sen. or his heirs, was a sufficient seizen, to feed the contingent
 
 use,
 
 whenever it came into
 
 esse,
 
 and enabled the statute of uses to transfer the equitable use into a legal estate in fee in remainder.
 

 The above estates a,re to be found in the premises and
 
 habendum
 
 clauses of this very marlificially drawn deed. What follows the
 
 habendum
 
 in the deed does not affect 1 he extent of the estates before created; all that is. as to this party, but a covenant for quiet enjoyment. William .Borden, the tenant for life, in the year 1845, made a deed of bargain and sale in fee of the land, with a general warranty, to James Porter. This warranty descending upon the lessor .of the plaintiff, the heir at law of tho bar-gainor, is made void by the eighth section of the 43d ch,
 
 *212
 

 lieu. $¿aé.
 
 which declares, that all warranties, which shall be made by any tenant for life of any lands, the same descending or coming to any person in reversion or remainder, shall be void and of no effect; and likewise all collateral warranties of any kinds by any ancestor who has no estate of inheritance in possession in the same, shall be void against the heirs. The lessor of the plaintiff bad no right to enter, anti! the death of the father, which happened in the year 1843.
 

 AVe see no error in the opinion of his Honor, and the judgment must be affirmed.
 

 Ter Curiaji. Judgment affirmed.